## JACKSON v. THE STATE.

An indictment for trespass, under the Penal Code, §220, charging that the accused did enter upon the lands of A, after being personally prohibited so to do by the said A, the person entitled to the possession of the land for the time being, is not supported by evidence that the accused trespassed upon the lands of B, that A had no title or estate in the land, and that he was in possession merely in a representative capacity as agent or manager for B.

Submitted October 16,—Decided November 10, 1905.

Certiorari. Before Judge Lewis. Baldwin superior court. July 14, 1905.

*Hines & Vinson,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

CANDLER, J. The accused was convicted, in the county court of Baldwin county, of the offense of trespass. He took the case to the superior court by certiorari, which was overruled, and he excepted. The indictment on which he was tried charged that he did "enter, go upon, and pass on the cultivated lands of C. J. Booker after being personally prohibited so to do by C. J. Booker, the person entitled to the possession of the said land for the time being." The evidence was to the effect that the accused went upon the cultivated land of Bowen, Jewel & Co.; that Booker was in possession of the land only as the agent and manager of Bowen, Jewel & Co., under a contract which provided for the payment of a salary to him as manager and for a commission on all profits of the plantation above a specified sum; and that Booker had previously notified the accused not to go upon the land.

We are clear that the certiorari should have been sustained. There was a total failure to support the allegations of the indictment that the trespass charged was committed upon the land of C. J. Booker, or to show that Booker was the person entitled to the possession of the land for the time being. It is unnecessary to consider whether the conviction would have been warranted had it appeared that Booker was in possession as tenant under Bowen, Jewel & Co. What does appear from the undisputed evidence is that Booker individually was not in possession at all. He was merely the agent of the owners, with no estate whatever in the land, and whatever physical occupancy or control he may have exercised was in his

representative capacity, and merely went to constitute the possession of his principals. In *Mitchell* v. *Georgia & Alabama Ry.*, 111 *Ga.* 760, it was held that while mere possession of a chattel will give a right of action for any interference therewith, such possession must be in the plaintiff's own right, and not as servant of another. Certainly a less rigid rule should not apply in criminal than in civil cases, nor in regard to real than personal property.

*Judgment reversed. All the Justices concur.*